Autumn E. Lewis (SBN 037944)
Edward P. Tarolli (*Pro Hac Vice* application to be submitted)
CLYDE & CO US LLP
One North Central Ave, Ste 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Email:  autumn.lewis@clydeco.us
         ed.tarolli@clydeco.us

Attorneys for Defendant,
SOUTHWEST AIRLINES CO.



# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Penelope Ann Harod, an individual, | Case No. |
| Plaintiff, | |
| v. | NOTICE OF REMOVAL OF DEFENDANT SOUTHWEST AIRLINES CO. TO UNITED STATES DISTRICT COURT [28 U.S.C. SECTIONS 1331, 1332, 1441, AND 1446] |
| Southwest Airlines Co., a Texas Corporation; Black Corporations 1-10; White Partnerships 1-10; and Does 1-100, | |
| Defendants. | |

Southwest Airlines Co. ("Southwest Airlines"), by and through its attorneys, Clyde & Co US LLP, hereby removes this pending action from the Superior Court of the State of Arizona for Maricopa County to the United States District Court for the District of Arizona pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446. This Court may and should take jurisdiction over this action for all purposes for the following reasons:

## INTRODUCTION

1.     This action arises out of an incident on or about October 20, 2024, when plaintiff Penelope Ann Harod ("plaintiff") was refused travel on Southwest Airlines' flight No. 3843 from Milwaukee to Dallas when she appeared to be intoxicated.

1

2.    On May 29, 2025, counsel for plaintiff sent a letter of representation to Southwest Airlines, seeking settlement in the amount of $150,000. A copy of plaintiff's letter of representation is attached as **Exhibit A**.

3.    On April 8, 2026, plaintiff filed her complaint in the Superior Court of Arizona for Maricopa County, asserting causes of action against Southwest Airlines for (1) discrimination pursuant to the Americans with Disabilities Act (the "ADA," codified under 42 U.S.C. Section 12182); (2) Negligence/Gross Negligence; and (3) and Negligent Hiring, Training, Supervision, and Retention. A copy of plaintiff's complaint is attached as **Exhibit B**.

4.    Plaintiff's complaint prays for relief consisting of compensatory, general and special damages, including punitive damages, and fees and costs in an unspecified amount to be established at trial. Plaintiff's Compl. – Exh. B at ¶ 45.

5.    On June 24, 2026, Southwest Airlines was served with the summons and plaintiff's complaint in the Superior Court of Arizona for Maricopa County.

6.    Pursuant to 28 U.S.C. Section 1446(b), the deadline to remove a state court action to federal court is within thirty days after the receipt by the defendant of a complaint that provides a basis to remove or, if the initial complaint does not provide such a basis, thirty days from receiving an amended pleading, motion, order, or other paper that provides a basis to remove the case to federal court.

7.    Because this Notice of Removal was filed on July 23, 2026, this removal is timely under 28 U.S.C. Section 1446(b).

8.    To remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. 28 U.S.C. Section 1446(b)(2)(A). Southwest Airlines is the only non-fictitious defendant in this action. The remaining defendants are "Doe" defendants, who have not been joined in this action and, to the best of Southwest Airlines' knowledge, have not been served with process. Additionally, 28 U.S.C. Section 1441(b)(1) states that for removal based on diversity grounds, the citizenship of defendants sued under fictitious names

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

2

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

shall be disregarded.  Accordingly, no other party is required to consent to this removal.

9.    Pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.6(a), written notice of the removal of this action is being served on Plaintiff's counsel, and a Notice of Removal to United States District Court is being filed with the Clerk of the Superior Court of the State of Arizona for the County of Maricopa. A true and correct copy of the to-be filed Notice of Removal is attached as **Exhibit H**.

10.    Pursuant to Local Rule 3.6(b), true and correct copies of the following state court documents are attached to this Notice of Removal:

    i.  Exhibit B. Summons and Complaint;

    ii. Exhibit C. Certificate of Compulsory Arbitration;

    iii. Exhibit D. Notice of Intent to Dismiss for Lack of Service;

    iv. Exhibit E. Certificate of Service;

    v.  Exhibit F. Amended Certificate of Service;

    vi. Exhibit G. Most Recent Maricopa County State Court Docket.

## I

## THIS COURT HAS DIVERSITY JURISDICTION
## BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

11.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties.  Pursuant to 28 U.S.C. Section 1441(b), this case may be removed by Southwest Airlines because it is a civil action between a citizen of the State of Arizona and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Further, this Court may exercise supplemental jurisdiction over all causes of action pursuant to 28 U.S.C. Section 1367 as they form part of the same case or controversy and no exception to supplemental jurisdiction applies. *See* 28 U.S.C. Section 1367; *Schutza v. Cuddeback*, 262 F.Supp.3d 1025, 1028 (S.D. Cal. Apr. 10, 2017) ("Supplemental jurisdiction is

mandatory unless prohibited by Section 1367(b), or unless one of the exceptions in Section 1367(c) applies."). As demonstrated below, because all requirements to remove this action are satisfied, this Court has original jurisdiction over this action and this case may be removed to this Court under 28 U.S.C. Sections 1332, 1367 and 1441.

### A.    *Complete Diversity Exists*

12.    For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. See 28 U.S.C. Section 1332(a)(2).

13.    A person's domicile determines his or her state citizenship for purposes of diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). An individual's domicile is determined by evaluating a number of factors, including the place of the person's residence, employment, property and payment of taxes. *Id. at* 750.

14.    For purposes of diversity jurisdiction, a corporation is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. Section 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 92 (2002); *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992).

15.    On information and belief, plaintiff is a resident and citizen of the state of Arizona. Plaintiff's Compl. – Exh. B at ¶ 8.

16.    Southwest Airlines is and was a corporation incorporated under the laws of the state of Texas, and its principal place of business is in Dallas, Texas.

17.    The defendants identified in the complaint as "Black Corporations 1-10," "White Partnerships 1-10," and "Does 1-100" are merely fictitious parties against whom no valid claim can be alleged. Pursuant to 28 U.S.C. Section 1441(b), the citizenship of the defendants sued under fictitious names shall be disregarded.

18.    Accordingly, since plaintiff is a citizen of the state of Arizona and Southwest Airlines is a citizen of a foreign state, there exists complete diversity of

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

citizenship between these parties for purposes of establishing diversity jurisdiction under 28 U.S.C. Section 1332(a)(2).

### B.    The Amount In Controversy Exceeds $75,000

19.    Where an amount in controversy is not stated in a complaint, removal is proper if, from the allegations of the Complaint and the Notice of Removal, the moving party can establish, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional amount. *See* 28 U.S.C. Section 1446(c)(2)(B); *Rodriguez v. AT& T Mobility Service*, 728 F.3d 975, 977 (9th Cir. 2013). Under this standard, the defendant must show, based on allegations in the complaint or by use of extrinsic evidence, that it is "more likely than not that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

20.    The Ninth Circuit has held demand letters sent during the course of a state court action can constitute an "other paper" for purposes of establishing an amount in controversy under 28 U.S.C. Section 1446. *See Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

21.    Plaintiff seeks compensatory, general and special damages in her complaint, as well as punitive damages, all in an unspecified amount she seeks to establish at trial, likely in excess of $75,000. Plaintiff's Compl. – Exh. B at ¶ 45. However, in her pre-suit communications, plaintiff demanded settlement in the amount of $150,000, which clearly exceeds the $75,000 amount in controversy required under statute. Plaintiff's Demand Letter – Exh. A at p. 5.

22.    In light of the foregoing, because there is complete diversity between plaintiff and Southwest Airlines and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction and supplemental jurisdiction over this action pursuant to 28 U.S.C. Sections 1332, 1367 and 1441(a).

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

## II

## THIS COURT ALSO HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1331 BECAUSE PLAINTIFF'S COMPLAINT ARISES UNDER FEDERAL LAW

23.     This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. Section 1331 based on the existence of a federal question in that plaintiff's claims, in part, arise under the Americans with Disabilities Act ("ADA"), codified in 42 U.S.C. Section 12182.

24.     District courts have original jurisdiction of civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. Section 1331. A case arises under federal law where federal law creates the cause of action. *Republican Party of Guam v. Gutierrez,* 277 F.3d 1086, 1088 (9th Cir. 2002).

25.     In her complaint, plaintiff alleges discrimination on the basis of a claimed disability stemming from her removal from a Southwest Airlines flight. Plaintiff's Compl. – Exh. B at ¶¶ 28-33. She, accordingly, brings claims of discrimination under the ADA. *Id*. In sum, the gravamen of plaintiff's complaint relates to Southwest Airlines' removal of the plaintiff from her flight, which plaintiff alleges was the result of discrimination based on a protected disability under federal law.

26.     The foregoing all support the supplemental basis for arising under federal jurisdiction and removal.

## III

## NON-WAIVER

27.     In filing this Notice of Removal, Southwest Airlines does not waive any defenses that may be available to it.

///

///

///

6

## CONCLUSION

WHEREFORE, Southwest Airlines prays that the above-entitled action now pending in the Superior Court of Arizona for Maricopa County be removed to this Court pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446(b).

Dated: July 23, 2026                    CLYDE & CO US LLP

                                        By: */s/ Autumn E. Lewis*
                                            AUTUMN E. LEWIS
                                            EDWARD P. TAROLLI
                                            Attorneys for Defendant
                                            SOUTHWEST AIRLINES CO.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system. I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

*/s/ Joslin Vega*

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

NOTICE OF REMOVAL OF DEFENDANT SOUTHWEST AIRLINES CO. TO UNITED STATES DISTRICT COURT [28 U.S.C. SECTIONS 1331, 1332, 1441, AND 1446]