# EXHIBIT A



May 29, 2025

**SENT VIA US CERTIFIED MAIL**

SOUTHWEST AIRLINES / ATTN: LEGAL DEPARTMENT
**2702 Love Field Dr.**
**Dallas, TX 75235**

Re:    **PENELOPE    ANN    HAROD    –    LITIGATION    HOLD/LETTER    OF**
**REPRESENTATION**

To Whom It May Concern:

Please be advised that this office represents Penelope Ann Harod regarding damages and injuries arising from the discrimination perpetrated by employees of Southwest Airlines ("Southwest") on October 20, 2024, on Flight # 3843 departing from Milwaukee Gen MITC to Las Vegas McCarran. Penny's ticket # was 5262573175330.

## THE INCIDENT

On October 20, 2024, Penelope was set to board her flight, was waiting in the gate agent area and was helped aboard. Once she boarded, she was approached by flight attendants and was asked to get off the flight because they believed she was intoxicated.

They based this decision ostensibly on the fact that she speaks with a slur and has balance issues. Ms. Harod tried to explain to the Southwest employees that she is disabled, has a disability rating, and part of her disabilities causes her to speak with a slur and have balance/gait issues. The employees refused to budge, refused to listen to her, and caused her to be ejected from the flight.

She was set to return to Phoenix through a connecting flight to Dallas. Her husband had dropped her off at the airport to return home as he was driving from Milwaukee that day to attend a concert with his brother. Instead, her husband had to cancel his plans, drive one and a half hours back to Milwaukee to pick Penelope up. Penelope had to stay in Milwaukee for an additional two (2) days until she was able to get a flight to Phoenix with a connection in Las Vegas. With the same disabilities, she had no issue boarding and returning to Phoenix.

Penelope does not drink alcohol. She had not consumed any alcohol, nor did she consume any non-prescribed prescription drugs, illicit drugs, or otherwise that day or any day for that matter.



MILLS +
WOODS LAW PLLC
LITIGATION • TECHNOLOGY • BUSINESS

She was discriminated against, she was humiliated, and she incurred actual damages as a result of the heartless treatment by Southwest's employees.

Penelope has well-documented disabilities. Her pleas and explanations were ignored, and she was treated like a criminal.

The actions of Southwest's employees were in wanton, reckless, and intentional disregard of societal obligations, and constituted a reckless and outrageous indifference to a highly unreasonable risk of harm, and conscious indifference to the health, safety, and welfare of others.

It is shocking and frankly abhorrent that Southwest would employ individuals who would treat a sixty-year-old disabled woman in this fashion. This is not only shocking to the conscience, but begs further questioning into whether Southwest properly supervises, trains, and retains its employees. As you well know, this is a violation of the Americans with Disabilities Act and Penelope is well within her rights to bring a cause of action under Title III of that act which brings with it the award of attorneys' fees and costs.

Furthermore, this law firm is pursuing FOIA requests to the Department of Transportation for similar complaints lodged against Southwest Airlines.

In addition to her Title III claims, these actions by your employees violate the Department of Transportation's Airline Passengers with Disabilities Bill of Rights.

Penelope also has potential claims for negligence, assault, negligent hiring/training/supervision, and intentional infliction of emotional distress – amongst others.

As Penelope is an Arizona citizen, be aware that Southwest's actions potentially violated Arizona law. Under Arizona Law, it is unlawful to discriminate against a person because of their disability in a place of public accommodation under A.R.S. § 41-1492.02.

To wit:

> A. No individual may be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, leases to others or operates a place of public accommodation.
>
> B. It is discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of that individual or class, directly or through contractual, licensing or other arrangements:




1. To a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, advantages, privileges or accommodations of an entity.

2. To the loss of an opportunity to participate in or benefit from goods, services, facilities, privileges, advantages or accommodations that are not equal to those afforded to other individuals.

3. To a good, service, facility, privilege, advantage or accommodation that is different or separate from that provided to other individuals, unless the action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, accommodation or other opportunity that is as effective as that provided to others. For the purposes of this subsection, "individual" or "individuals" refers to the clients or customers of the covered public accommodation that enters into the contractual, licensing or other arrangement.

C. Goods, services, facilities, privileges, advantages and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

A.R.S. §§ 41-1492.02(A)-(C).

Southwest's actions are not only unlawful under Federal Law, Arizona Law, potentially Wisconsin law, and potentially Texas law, but they also constitute further Civil Claims such as Negligence, Gross Negligence, Intentional Infliction of Emotional Distress, Negligent Hiring/Training/Supervision, Assault, civil conspiracy, and violations of Penelope's rights under the "Americans with disabilities act", 42 U.S.C. §§ 12101 through 12213 and 47 U.S.C. §§ 225 and 611 and the ADA amendments act of 2008.

## **LITIGATION HOLD**

Because it is reasonably anticipated that legal action and claims against you will follow in the State of Arizona and are presently being investigated, this letter constitutes a demand that all information, whether physical, testimonial or electronic, that is relevant to, concerning, or related in any way whatsoever to the Incident, be fully and accurately preserved.

Due to the circumstances behind the Incident, you are under a legal obligation to protect and preserve all documents, tangible things, and electronically stored information ("Documents and



Information") that are potentially relevant to the issues arising from the Incident. *See Zubulake v. UBS Warburg*, 220 F.R.D., 212, 216

(S.D.N.Y. 2003); *Marceau v. Inter'l Broth. Of Elec. Workers*, 618 F. Supp. 2d 1127, 1174 (D. Ariz. 2009); *Ortega Melendres v. Arpaio*, CV-07-2513-PHX-GMS, 2010 WI 582189 (D. Ariz. Feb. 12, 2010*); Souza v. Fred Carries Contracts, Inc.*, 191 Ariz. 247, 955 P. 2d 3 (App. 1997). Furthermore, Exotic and Enterprise, and its employees, agents, or other authorized individuals must remain in a position to be able to disclose and produce all Documents and Information relevant to the Incident. The destruction or alteration of tangible things, Documents and Information, intentional or otherwise, may have serious adverse consequence for you and anyone involved in the destruction or alteration.

This preservation demand is a pre-litigation hold and applies to all tangible things, Documents and Information, physical and electronic information bearing on the Incident regardless of who authored the document, data or e-mail, regardless if you are not the official custodian of the document, data or e-mail, and whether you believe that the information is privileged, confidential, proprietary, or subject to some other immunity. If you have a copy of something as described herein or an electronic record of the same they must preserve it, irrespective of any document destruction or preservation protocol or policy.

The following is a non-exhaustive list of the types of Documents and Information that should be preserved: handwritten and typed notes, reports, memoranda, and summaries; formal and informal correspondence, including e-mail; preliminary and final drafts of documents; Word or other word processing original documents and all meta data related to their creation, instant messaging conversations; text message conversations; web content; metadata, spreadsheets; databases; invoices; appointment books and calendar entries; telephone messages; cell phone records; voicemail; drawings; photographs; recordings of any kind, and videos – *including video footage of the Incident; any and all video footage.* I expect that you will take the necessary steps to preserve all electronic and/or digital information that is generated, recorded, and/or stored on whatever media, including computers and network systems, and any form of drive, including thumb drives, CDs, DVDs, SANs, floppy drives, tapes, backup tapes, USB drives, and other similar external drives. Accordingly, please immediately discontinue any and all data destruction and backup tape recycling practices that may impact the quality and quantity of information described herein. As stated above, I expect that you will suspend all actions, procedures, and business practices that would result in the destruction or alteration of the information subject to this preservation demand.

I expect, too, you will take all action necessary to identify those individuals who might possess the Documents and Information described in this letter, inform them of the litigation hold and instruct them to avoid engaging in any activity that would result in the destruction or alteration of this information. I believe that they possess critical evidence related to the above Incident, and that such evidence must immediately be preserved and retained until resolution of the Incident. For purposes of



**MILLS + WOODS** LAW PLLC

LITIGATION • TECHNOLOGY • BUSINESS

this letter, the term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure including, without limitation, any printed, typewritten, handwritten or otherwise recorded matter of whatever character (whether in hard-copy, electronic or other form) containing information related to the subject matter in question. All non-identical copies of each "document" must be preserved separately. The term "communication" includes all oral and written inquiries, discussions, conversations, letters, notes, electronic messages, meetings, negotiations, agreements, understandings, or other exchange of thoughts, information or ideas. The terms "relate to" and "relating to" mean and include any information concerning, comprising, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter in question.

I anticipate that you will take all appropriate steps to preserve the information, evidence and data described herein. However, if you should fail to preserve potentially relevant evidence and, as a result, such evidence is corrupted or lost, I will seek appropriate sanctions and/or awards related to spoliation of evidence.

## PENELOPE WILL SETTLE HER CLAIMS

I won't belabor this any further. You know that Title III claims include an award of attorneys' fees and costs. Furthermore, the compensatory, emotional, potential punitive, and consequential damages could rise to large levels as this is surely not the first time this type of behavior has occurred with your employees. Penelope is willing to settle her claims pre-litigation for one hundred fifty thousand dollars ($150,000). This offer remains open through June 10, 2025. At that point, Penelope has authorized this firm to file a Federal lawsuit against Southwest Airlines to protect her rights.

If anything, whatsoever is unclear in this letter, please email or write to me immediately. If you are represented by outside counsel, please let me know immediately and I will direct all future correspondence to said counsel.



Going forward, please cease all communication with Penelope regarding the Incident and direct all such communications to this office. Thank you for your courtesy and cooperation. Should you have any questions, please feel free to contact me at 480.999.4557 or swoods@millsandwoods.com or my paralegal Nancy Slivers at 480.999.5169 or nslivers@millsandwoods.com.

Very truly yours,

**MILLS AND WOODS LAW, PLLC**

Sean Woods



Mills + Woods Law, PLLC
5055 N. 12th Street, Suite 101
Phoenix, AZ 85014

CERTIFIED MAIL®

7022 2410 0001 8562 3108

75235

Retail

RDC 99

Southwest Airlines
Attn: legal department
2702 Love Field Drive
Dallas, TX 75235

75235-190802

# EXHIBIT B

Person Filing: Sean A. Woods
Address (if not protected): 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Telephone: (480)999-4556
Email Address: swoods@millsandwoods.com
Representing [ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 028930, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
K. Scott, Deputy
4/8/2026 3:50:16 PM
Filing ID 21812094

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2026-014933**

Penelope Ann Harod
_____
Name of Plaintiff

**SUMMONS**

AND

Southwest Airlines Co.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO: Southwest Airlines Co.**
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #13065438

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *April 08, 2026*

*NANCY RODRIGUEZ*
Clerk of Superior Court

By: *K. SCOTT*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #1305438

Clerk of the Superior Court
*** Electronically Filed ***
K. Scott, Deputy
4/8/2026 3:50:16 PM
Filing ID 21812091

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for [Plaintiff(s)/Defendant(s)]*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| PENELOPE ANN HAROD, an individual, Plaintiff, vs. SOUTHWEST AIRLINES CO., a Texas corporation; BLACK CORPORATIONS 1-10; WHITE PARTNERSHIPS 1-10, and; DOES 1-100, Defendants. | Case No.:  CV2026-014933 **PLAINTIFF'S COMPLAINT** |

Through undersigned counsel, Plaintiff Penelope Ann Harod ("Plaintiff" or "Penelope"), for her complaint against Defendant Southwest Airlines Co. ("Defendant" or the "Corporation"), hereby sets forth the allegations below.

**INTRODUCTION**

1.     Plaintiff brings this civil action arising from the Corporation's unlawful removal of her from Flight 3843 on October 20, 2024, based solely on manifestations of her disability.

2.     Penelope is a disabled individual whose documented neurological and motor impairments cause slurred speech and impaired balance and gait.

3.     Federal law prohibits the Corporation from discriminating against disabled passengers.

4.     Penelope informed the Corporation's employees that she was disabled and not intoxicated.

5.     Those employees ignored her explanation.

6.     Penelope was then forcibly removed from the aircraft.

7.     As a result, she has suffered emotional distress, humiliation, economic damages, and loss of dignity.

### PARTIES, JURISDICTION, VENUE, AND TIER

8.     Plaintiff is, and was at all relevant times, a resident of the State of Arizona.

9.     Defendant is, and was at all relevant times, a corporation domiciled in the State of Texas that is authorized to, and regularly and substantially does, conduct business in Maricopa County in the State of Arizona.

10.     Black Corporations 1-10, White Partnerships 1-10, and Does 1-100 are persons or entities that caused or contributed to cause Plaintiff's injuries or damages in this action, but of which Plaintiff is currently unaware.  If and when Plaintiff becomes aware of the existence and identity of any such person or entity, Plaintiff will seek to amend this Complaint accordingly.

11.     This Court has jurisdiction pursuant to the Arizona and United States Constitutions.

12.     Venue is proper pursuant to A.R.S. § 12-401.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

2

13. This action qualifies for Tier 2 discovery under and pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure.

## GENERAL ALLEGATIONS

14. Penelope has a disability that causes slurred speech and difficulties with her balance and gait.

15. On October 20, 2024, Penelope had a valid ticket for the Corporation's Flight 3843 from Milwaukee, Wisconsin, to Dallas, Texas (the "Flight"), following which she had a valid ticket for connecting flight from Dallas, Texas to her destination of Phoenix, Arizona.

16. Her husband drove her to the Milwaukee airport so she could board the Flight.

17. After he dropped Penelope off, her husband drove out of Milwaukee in order to attend a concert with his brother.

18. Penelope boarded the Flight.

19. She complied with all airline instructions.

20. The Corporation's employees approached her and, apparently based on her speech, balance, and gait issues, accused her of being intoxicated.

21. Penelope informed the Corporation's employees of her disability and that her speech, balance, and gait issues were due to that disability, not to the consumption of alcohol or any other intoxicating substance.

22. Penelope did not ingest, and had not ingested, alcohol that day.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

3

23.    Moreover, Penelope did not consume any non-prescribed prescription drugs or illicit drugs, whether on that day or any other day.

24.    Nevertheless, the Corporation's employees refused to listen to her, refused to budge, and accordingly caused her to be ejected from the airplane.

25.    Penelope was publicly removed from the Flight, causing her to be humiliated and stranded in Milwaukee.

26.    Penelope's husband had to cancel his plans to attend the concert, turn around and drive one-and-a-half hours back to Milwaukee to pick her back up.

27.    Penelope and her husband ended up having to book a stay at a hotel in nearby Wheeling, Illinois for two more days before she was able to leave on another flight to Phoenix, with a connection to Las Vegas.  With the same speech, balance, and gait issues, she nevertheless had no problems boarding that flight and returning to Phoenix.

### COUNT I – Violation of 42 U.S.C. § 12182

28.    Plaintiff hereby incorporates in full all the preceding Paragraphs as if set forth herein.

29.    The Corporation, acting through its employees, ejected Penelope from its airplane, which she had boarded for a flight she had a valid ticket for.

30.    The Corporation, acting through its employees, ejected Penelope because of her slurred speech and impaired balance and gait, which were manifestations of her disability and not from alcohol or any other intoxicant. Penelope had informed the Corporation's employees of this information, but they disregarded it.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4

31. In ejecting Penelope from its airplane for a flight she had a valid ticket for, for speech, balance, and gait issues resulting from her disability, the Corporation, acting through its employees, discriminated against Penelope on the basis of disability in the full enjoyment of its services, facilities, privileges, advantages, and accommodations, at a place of public accommodation it owned, leased, and/or operated.

32. As a result of the above, the Corporation violated 42 U.S.C. § 12182.

33. The Corporation's violation of 42 U.S.C. § 12182 proximately caused Penelope damages, the full extent of which will be shown at trial.

**COUNT II – Negligence/Gross Negligence**

34. Plaintiff hereby incorporates in full all the preceding Paragraphs as if set forth herein.

35. The Corporation had a duty to treat Penelope with reasonable and ordinary care.

36. The Corporation, acting through its employees, ejected Penelope from its airplane, which she had boarded for a flight she had a valid ticket for.

37. The Corporation, acting through its employees, ejected Penelope because of her slurred speech and impaired balance and gait, which were manifestations of her disability and not from alcohol or any other intoxicant.

38. Penelope had informed the Corporation's employees of this information, but they disregarded it.

39. In ejecting Penelope from its airplane for a flight she had a valid ticket for, for speech, balance, and gait issues resulting from her disability and not from intoxication,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

even after being informed by Penelope that those issues were wholly due to her disability, the Corporation, acting through its employees, breached its duty of reasonable and ordinary care it owed to Penelope.

40.    Moreover, by its actions as set forth above the Corporation, through its employees, acted with reckless indifference to Penelope's rights, because it (and they) knew or should have known that ejecting her from the Flight created a risk of harm so great that it was highly probable she would suffer harm as a result.

41.    The Corporation's conduct as set forth above proximately caused Penelope injury and damages, the full of extent of which will be shown at trial.

### **COUNT III – Negligent Hiring, Training, Supervision, and Retention**

42.    Plaintiff incorporates all the preceding Paragraphs as if fully set forth herein.

43.    Upon information and belief and based on the conduct set forth above, the Corporation, through its employees, was negligent and/or reckless in:

a.    giving improper or ambiguous orders to employees;

b.    failing to make proper regulations governing its employees;

c.    employing improper persons or instrumentalities in work involving a risk of harm to others:

d.    supervising employees' activities, and/or;

e.    permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not employees, upon premises or with instrumentalities under the Corporation's control.

6

44.    The conduct set forth in the Paragraph above proximately caused the Corporation's employees to wrongly and improperly eject Plaintiff from the Flight, which she had a valid ticket for, which in turn proximately caused her to incur damages, the full extent of which will be shown at trial.

### JURY TRIAL DEMAND

45.    Plaintiff demands a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following in relief:

A.  For compensatory, general, and special damages;

B.  For punitive and exemplary damages, in an amount sufficient to punish Defendant for its conduct, and to deter it and other similarly-situated parties from similar conduct in the future;

C.  For her reasonable attorneys' fees and allowable costs, under any applicable law, rule, or agreement;

D.  For pre- and post-judgment interest on the above amounts, at the maximum legal rate, and;

E.  For such other and further relief as this Court deems appropriate.

///

///

7

**RESPECTFULLY SUBMITTED** this 8th day of April 2026.

**MILLS + WOODS LAW, PLLC**

By     */s/ Sean A. Woods*
       Robert T. Mills
       Sean A. Woods
       5055 N 12th St., Ste. 101
       Phoenix, AZ 85014
       *Attorneys for Plaintiff*

**ORIGINAL** filed this 8th **Error! Reference source not found.Error! Reference source not found.Error! Reference source not found.**day of April 2026 via AZTurboCourt with the Clerk of the Maricopa County Superior Court.

*/s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

8

# EXHIBIT C

Clerk of the Superior Court
*** Electronically Filed ***
K. Scott, Deputy
4/8/2026 3:50:16 PM
Filing ID 21812093

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Penelope Ann Harod
Plaintiff(s),

v.

Southwest Airlines Co.
Defendant(s).

Case No. CV2026-014933

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this** April 08, 2026

By: Sean A. Woods /s/
**Plaintiff/Attorney for Plaintiff**

AZturboCourt.gov Form Set #13065438

# EXHIBIT D



Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**\*\*FILED\*\***

06/17/2026

by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin

06/13/2026

COURT ADMINISTRATION

Deputy

**Case Number:** CV2026-014933

**Penelope Ann Harod**

**V.**

**Southwest Airlines Co**

The Judge assigned to this action is the Honorable Michael J. Herrod

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 04/08/2026 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 07/07/2026. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number:  CV2026-014933

| Party Name | Attorney Name | |
|---|---|---|
| Penelope Ann Harod | Sean Woods | Bar ID:  028930 |

# EXHIBIT E

CLERK OF THE
SUPERIOR COURT
FILED
R. CHAPMAN, DEP
2026 JUN 29 PM01:30

T. Scott Legal Support Services
Gary Steiner  ID#  MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

In re the matter of:            )
                                )
PENELOPE ANN HAROD, et al.,     )          Case No: CV2026-014933
                                )
                                )
        Plaintiff(s),           )          **CERTIFICATE OF SERVICE**
                                )
v.                              )
                                )
SOUTHWEST AIRLINES CO., et al., )
                                )
        Defendant(s).           )
_____ )

1.    I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on June 23, 2026 I received; Summons, Plaintiff's Complaint and Certificate Of Compulsory Arbitration from The Plaintiff(s).

2.    I then proceeded to unsuccessfully serve the above described documents on Adeline Carter, Statutory Agent for **Southwest Airlines Co.** at 7955 S. Priest Dr., #102, Tempe, AZ on June 24, 2026 at approximately 1:45 pm. I verified she could accept service and served her.

3.    This is considered to be personal service.

4.    The fee I charged for this service was $130.

**I declare under the penalty of perjury that the foregoing is true and correct**

Gary Steiner                              Ce/29/26
                                          Date

Page 1

# EXHIBIT F

CLERK OF THE
SUPERIOR COURT
FILED
Y. PEREZ DOMINGUEZ. DEP

2026 JUL -7 PM 12: 20

T. Scott Legal Support Services
Gary Steiner  ID#  MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

In re the matter of:                           )
                                               )
PENELOPE ANN HAROD, et al.,                    )          Case No: CV2026-014933
                                               )
                                               )
        Plaintiff(s),                          )          **AMENDED CERTIFICATE OF SERVICE**
                                               )
v.                                             )
                                               )
SOUTHWEST AIRLINES CO., et al.,                )
                                               )
        Defendant(s).                          )
_____ )

1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on June 23, 2026 I

received; Summons, Plaintiff's Complaint and Certificate Of Compulsory Arbitration from The

Plaintiff(s).

2.      I then proceeded to successfully serve the above described documents on Adeline Carter,

Statutory Agent for **Southwest Airlines Co.** at 7955 S. Priest Dr., #102, Tempe, AZ on June

24, 2026 at approximately 1:45 pm. I verified she could accept service and served her.

3.      This is considered to be personal service.

4.      The fee I charged for this service was $130.

**I declare under the penalty of perjury that the foregoing is true and correct**

_____                      7/6/26
Gary Steiner                                   Date

Page 1

# EXHIBIT G

Civil Court Case Information - Case History

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2026-014933 | Judge: | Herrod, Michael |
| File Date: | 4/8/2026 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Penelope Ann Harod | Plaintiff | Female | Sean Woods |
| Southwest Airlines Co | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/7/2026 | AFS - Affidavit Of Service | 7/8/2026 | |
| NOTE: | SOUTHWEST AIRLINES CO | | |
| 6/29/2026 | AFS - Affidavit Of Service | 7/1/2026 | |
| NOTE: | SOUTHWEST AIRLINES CO | | |
| 6/17/2026 | 322 - ME: Notice Of Intent To Dismiss | 6/17/2026 | |
| 4/8/2026 | COM - Complaint | 4/9/2026 | |
| NOTE: | Plaintiff's Complaint | | |
| 4/8/2026 | CSH - Coversheet | 4/9/2026 | |
| NOTE: | Civil Cover Sheet | | |
| 4/8/2026 | CCN - Cert Arbitration - Not Subject | 4/9/2026 | |
| NOTE: | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 4/8/2026 | SUM - Summons | 4/9/2026 | |
| NOTE: | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| No records found. | | | | | |

# EXHIBIT H

Autumn E. Lewis (SBN 037944)
Edward P. Tarolli (*Pro Hac Vice* application to be submitted)
CLYDE & CO US LLP
One North Central Ave, Ste 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Email: autumn.lewis@clydeco.us
        ed.tarolli@clydeco.us

Attorneys for Defendant,
SOUTHWEST AIRLINES CO.

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Penelope Ann Harod, an individual, ) | Case No.: CV2026-014933 |
| Plaintiff, ) | [*Assigned to the Hon. Michael Herrod*, Dept. 911] |
| v. ) | DEFENDANT SOUTHWEST AIRLINES, CO'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT |
| Southwest Airlines Co., a Texas Corporation; Black Corporations 1-10; White Partnerships 1-10; and DOES 1-10 ) | |
| Defendants. ) | Complaint Filed:   April 8, 2026 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on the 23rd day of July 2026, defendant SOUTHWEST AIRLINES CO. ("Southwest Airlines") filed in the United States District Court for the District of Arizona a Notice of Removal, a full and true copy of which is attached hereto as Exhibit A – without exhibits.

Dated: July 23, 2026                CLYDE & CO US LLP

By: _____
    AUTUMN E. LEWIS
    EDWARD P. TAROLLI
    Attorneys for Defendants
    SOUTHWEST AIRLINES CO.

1
DEFENDANT SOUTHWEST AIRLINES, CO'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

CLYDE & CO US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

ORIGINAL of the foregoing e-filed
and e-served via TurboCourt this
____ day of July, 2026.

Robert T. Mills
Sean A. Woods
Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

*/s/* _____

CLYDE & CO  US LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

2

DEFENDANT SOUTHWEST AIRLINES, CO'S NOTICE OF REMOVAL TO UNITED STATES
DISTRICT COURT