Autumn E. Lewis (SBN 037944)
Edward P. Tarolli (*pro hac vice* application to be submitted)
CLYDE & CO US LLP
One North Central Ave, Ste 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Email:  autumn.lewis@clydeco.us
        ed.tarolli@clydeco.us

Attorneys for Defendant,
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Penelope Ann Harod, an individual, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> Southwest Airlines Co., a Texas ) <br> Corporation; Black Corporations 1-10; ) <br> White Partnerships 1-10; and Does 1-100,) <br><br> Defendants. ) | Case No.  2:26-cv-05215 <br><br> SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS |

Defendant Southwest Airlines Co. ("Southwest Airlines") hereby moves this Court to dismiss plaintiff Penelope Ann Harod's ("plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

The Complaint does not sufficiently establish that this Court has personal jurisdiction over Southwest Airlines. Plaintiff has conceded Southwest Airlines is not domiciled in Arizona for purposes of general jurisdiction and has failed to allege sufficient minimum contacts which give rise to specific jurisdiction. Further, plaintiff's action fails to state a claim for relief under any cause of action presented.

1

CLYDE & CO LLP<br>One North Central Avenue, Suite 1030<br>Phoenix, Arizona 85004<br>Telephone: (480) 746-4580

*First*, the statute she invokes as the basis for her discrimination claim does not apply to airports or commercial flights by airlines. *Second*, she fails to identify any recoverable injury under her theories of negligence against Southwest Airlines.

Because plaintiff cannot cure these deficiencies, the Court should dismiss the Complaint with prejudice and without leave to amend.

## BACKGROUND FACTS

Plaintiff's allegations in the Complaint stem from an incident on or about October 20, 2024, when plaintiff was refused travel on Southwest Airlines flight No. 3843 from Milwaukee, Wisconsin to Dallas, Texas ("subject flight"). Plaintiff's Compl. – ECF No. 1-2, at ¶ 15. Plaintiff alleges that shortly after boarding the subject flight in Milwaukee, Wisconsin, Southwest Airlines employees approached her and accused her of being intoxicated. *Id*. at ¶ 20. As a result, the Southwest Airlines employees removed plaintiff from the flight. *Id*. at ¶ 24. Plaintiff contends that she was not intoxicated and had not ingested alcohol or drugs on the day of the incident, but rather she was removed due to visible manifestations of an unspecified disability which causes slurred speech and difficulties with balance and gait. *Id*. at ¶¶ 21-24.

On April 8, 2026, plaintiff filed her Complaint in the Superior Court of Arizona for Maricopa County ("state court"), asserting causes of action against Southwest Airlines including discrimination claims pursuant to the Americans with Disabilities Act, and claims for negligence/gross negligence, as well as negligent hiring, training, and supervision. *Id*. at ¶¶ 28-44. Southwest Airlines timely removed the action to this Court on July 23, 2026. Notice of Removal – ECF No. 1.

## LEGAL ARGUMENT

### I

### THIS COURT LACKS PERSONAL JURISDICTION
### OVER SOUTHWEST AIRLINES

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746,

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

753, 187 L.Ed.2d 624 (2014). Courts in Arizona are permitted to exercise personal jurisdiction to the full limits permitted by the Due Process Clause of the Constitution. *See* Ariz. R. Civ. P. 4.2(a). Therefore, the courts may exercise personal jurisdiction over a foreign defendant with certain minimum contacts so long as the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Court should dismiss plaintiff's Complaint because plaintiff has not and cannot establish that this Court has personal jurisdiction over Southwest Airlines. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942) (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

A nonresident corporation may be subject to either general or specific personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24, 131 S.Ct. 2846, 2853, 180 L.Ed.2d 796 (2011). General personal jurisdiction allows a court to hear "any and all claims against [defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919, 131 S.Ct. 2850-51; *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct*., 592 U.S. 351, 358-59, 141 S.Ct. 1017, 1024, 209 L.Ed.2d 225 (2021).

A court may also exercise specific personal jurisdiction over a foreign defendant when shown it has "certain minimum contacts," with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Miliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Specific

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

jurisdiction must therefore be based on the relationship between the defendant's forum contacts and the plaintiff's claim. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). In the Ninth Circuit, specific jurisdiction exists only if: (1) the defendant purposefully availed itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that had effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice – in other words, it is reasonable. *In re W. States Wholesale Natural Gas Antitrust Litig.,* 715 F.3d 716, 741–42 (9th Cir. 2013).

## A.   *Southwest Airlines Is Not Subject to General Jurisdiction as It Is Not "At Home" in Arizona*

General personal jurisdiction exists over a corporate defendant only where the corporation's contacts with the forum are "so constant and pervasive as to render it essentially at home." *Daimler*, 571 U.S. at 122, 134 S.Ct. at 751 (internal quotation and edits omitted); *Goodyear*, 564 U.S. at 919, 131 S.Ct. 2851 (stating that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State") (internal quotation omitted). In *Daimler*, the U.S. Supreme Court defined where corporate defendants are "at home" for jurisdictional purposes. *Daimler*, 571 U.S. at 135–37, 134 S.Ct. at 759-60. Outside of "exceptional" circumstances, general jurisdiction exists over a corporate party only where the corporation is incorporated or where the corporation maintains its principal place of business. *Id.* at ¶ 137 ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (citation modified); *see also id.* at ¶¶ 136–39 n.19.

/ /

4

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

A corporation's "continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *International Shoe*, 326 U.S. at 318, 66 S.Ct. at 159. In sum, the standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011).

The simple act of a foreign corporation engaging in commerce with residents of the forum state does not establish general jurisdiction. *Id.* at ¶ 1226. Only "in an exceptional case" can a corporation's operations in another forum "be so substantial and of such nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler*, 571 U.S. at 138, 134 S.Ct. at 761 n. 19) (internal quotations omitted). Additionally, "a corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 138, 134 S.Ct. at 761 n. 20. To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts consider their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir.2006).

In the Complaint, plaintiff states that Southwest Airlines is "a corporation domiciled in the State of Texas that is authorized to, and regularly and substantially does, conduct business in Maricopa County in the State of Arizona." Plaintiff's Compl. – ECF No. 1-2, at ¶ 9. However, these conclusory statements are wholly insufficient to establish that personal jurisdiction over Southwest Airlines exists. On the contrary, sister courts in the Ninth Circuit have repeatedly found similar fact patterns insufficient to establish general jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, 1 Cal. 5th 783, 798 (2016), *rev'd on other grounds sub nom. Bristol-Myers Squibb Co.*, 582 U.S. 255 (2017) (designation of an agent for service of process and

5

qualification to do business in the forum are insufficient to permit general jurisdiction); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Cal. 2020) (finding United Airlines' operation of "hubs" out of two California airports and employing a substantial number of California employees insufficient for purposes of personal jurisdiction); *Rodionova v. Turkish Airlines, Inc.*, No. 25-cv-09135, 2026 WL 2069783 (N.D. Cal. Jul. 16, 2026) (finding an airline's operation of flights in a forum and designation of agent for service of process insufficient to establish general jurisdiction). Plaintiff has failed to allege anything more than a plain statement that Southwest Airlines conducts "substantial" business in the forum, which falls far short of the plaintiff's required burden. Plaintiff's Compl. – ECF No. 1-2, at ¶ 9. As such, plaintiff has failed to meet her burden to prove that this Court has general jurisdiction over Southwest Airlines.

**B.    *Southwest Airlines Is Not Subject to Specific Jurisdiction in Arizona***

The Ninth Circuit utilizes a three-part test in determining specific jurisdiction of nonresident defendants:

(1) the defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).*

Under the first prong, courts evaluate a defendant's purposeful availment and purposeful direction of activities in the forum. A defendant is considered to have satisfied the requirements of purposeful availment if it "purposefully avails itself of

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

6

the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Alternatively, a defendant's purposeful direction in intentional tort claims is evaluated using a three-part "effects test" in the Ninth Circuit, requiring that a defendant (1) commits an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.2002)).

The focus of a specific jurisdiction evaluation must be the relationship between a defendant, the forum, and the present litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). A defendant's knowledge that a plaintiff resides in the forum state is patently insufficient for a finding of purposeful availment. *Walden v. Fiore*, 571 U.S. 277, 289, 134 S.Ct. 1115, 1125, 188 L.Ed.2d 12 (2014).

In *Walden*, airline passengers brought claims in Federal District Court of Nevada alleging Constitutional violations. 571 U.S. at 277, 134 S.Ct. at 1117. The passengers claimed that, while flying from San Juan, Puerto Rico to their final destination of Las Vegas, Nevada, a Drug Enforcement Administration ("DEA") officer had violated their rights in seizing funds from them at the Atlanta Hartsfield-Jackson Airport in Georgia, prior to their connecting flight to Las Vegas. *Id*. at 279-280. The Court held that, despite the DEA officer's knowledge that any harm would eventually impact the passengers at their final destination of Nevada, his actions were insufficient to establish specific jurisdiction in that forum. *Id*. at 288-289. The Court reasoned that "no part of [the DEA agent's] course of conduct occurred in Nevada," and the alleged actions themselves did not have a sufficient connection to the forum state. *Id*. Plaintiff has simply not alleged any facts demonstrating purposeful availment or direction by Southwest Airlines in the forum. While Southwest Airlines

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

7

does conduct flights within Arizona, none of plaintiff's claims arise from Southwest's activities in Arizona. Instead, for both her discrimination and negligence claims, the relevant activities occurred in Milwaukee, Wisconsin, where she was removed from her flight. Plaintiff's Compl. – ECF No. 1-2, at ¶¶ 14-27. Her final destination– Phoenix, Arizona, following a connection in Dallas, Texas–is irrelevant. *Id*. As established above in *Walden*, plaintiff's eventual destination or residence is insufficient to establish the requisite connection to the forum. 571 U.S. at 288-89, 134 S.Ct. at 1124; *see also Hatset v. Century 21 Gold Coast Realty,* 649 F. App'x 400 (9th Cir. 2016) (holding that personal jurisdiction did not exist where the only connection between the defendant and California was plaintiff's California residency).[1]

Finally, a defendant's ongoing contacts with a forum are insufficient to establish specific jurisdiction without a connection to the underlying controversy. *See Bristol-Myers Squibb Co.*, 582 U.S. at 264 (holding there must be an affiliation between the forum and the underlying controversy, regardless of the extent of a defendant's unconnected activities in the forum state). The simple fact that Southwest Airlines conducts flights to Arizona, while alleging discrimination and negligence in Milwaukee, falls short of her burden. Therefore, plaintiff has failed to meet her burden to establish specific jurisdiction as well.

## II

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS SHE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Court may dismiss a complaint where a plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) where, as here, there is

---

[1] Her negligent hiring claim also lacks a sufficient connection to Arizona. The Complaint is devoid of allegations that any hiring, training, or supervision of the implicated employees relevant to her claim took place in Arizona. While Southwest Airlines does conduct flights within Arizona, none of plaintiff's claims arise from Southwest's activities in Arizona. Instead, for both her discrimination and negligence claims, the relevant activities occurred in Milwaukee, Wisconsin, where she was removed from her flight.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

8

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). To survive a motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). In considering a motion to dismiss for failure to state a claim, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). While a complaint is not required to contain detailed factual allegations, it is required to have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009).

### A.    *The Americans with Disabilities Act Does Not Apply to Aircraft or Terminal Facilities Operated by Air Carriers*

In the Complaint, plaintiff brings a claim for discrimination under the Americans with Disabilities Act (the "ADA"), codified under 42 U.S.C. § 12182(a). Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A "public accommodation" includes "a terminal, depot, or other station used for specified public transportation." *Id.* § 12181(7)(G). "Specified public transportation" is further defined as transportation by "bus, rail, or any other conveyance (*other than by aircraft*)." *Id.* § 12181(10) (emphasis added). Courts in the Ninth Circuit have interpreted this provision to exclude both aircraft *and* airport terminals used for transportation by aircraft. *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1011 (9th Cir. 2013) (excluding airport terminals as places of

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

accommodation under Title III); *see also Segalman v. Sw. Airlines*, 913 F.Supp. 2d 941, 946 (E.D. Cal. 2012), *vacated in part on other grounds sub nom. Segalman v. Sw. Airlines Co.*, 603 F. App'x 595 (9th Cir. 2015) (holding aircraft themselves are not places of public accommodation under Title III). Plaintiff brings claims of discrimination pursuant to 42 U.S.C. § 12182(a) arising from her removal from Southwest Airlines flight No. 3843. Plaintiff's Compl. – ECF No. 1-2, at ¶¶ 28-33. She claims that such removal was the result of discrimination against her alleged disabilities. *Id.* at ¶¶ 29-30. Therefore, her claims under the ADA allege discrimination onboard an aircraft during the boarding process. However, the ADA *explicitly* excludes causes of action for discrimination in an airport terminal or onboard an aircraft. Therefore, plaintiff has failed to state a claim and cannot maintain a cause of action under 42 U.S.C. § 12182(a) and her claim must be dismissed.

**B.    *Plaintiff's Negligence Claims Fail to Allege a Recoverable Injury***

Plaintiff also brings claims for Negligence/Gross Negligence and Negligent Hiring, Training, Supervision, and Retention, claiming that Southwest Airlines was negligent in removing her from the flight, causing foreseeable harm that Southwest Airlines should have known would cause injury to plaintiff. Plaintiff's Compl. – ECF No. 1-2, ¶¶ 40, 43-44. However, in the Complaint, plaintiff fails to identify any specific bodily injury whatsoever. Indeed, the only injury she appears to allege is emotional harm resulting from her removal, and a vague reference to a hotel stay in an entirely different town. *See id.* at ¶¶ 25, 27 (claiming her removal caused "humiliation" and that the removal necessitated her stay in Wheeling, Illinois, a town over 60 miles from the Milwaukee Airport).

As to plaintiff's purely emotional harm, the law is clear that a physical injury is required to recover under a theory of negligence. Arizona case law has shown concurrence with the principle that shock or mental anguish of a plaintiff must be born from a physical injury to be recoverable; emotional disturbances alone are too speculative. *Keck v. Jackson*, 122 Ariz. 114, 115-16, 593 P.2d 668 (1979); *see also*

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

10

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

*Guerra v. State*, 237 Ariz. 183, 186, 348 P.3d 423 (2015) (declining to extend negligence liability to purely emotional harms without a physical injury component); *Dehart v. Johnson & Johnson*, 562 F.Supp.3d 189, 196-97 (D. Ariz. Jan. 11, 2022). As such, her claims of negligence resulting in emotional distress alone from her removal from Southwest Airlines flight No. 3843 are not recoverable in the absence of a physical injury.[2]

Plaintiff further alludes to supposed costs she incurred as a result of the incident in regard to a hotel stay over 60 miles from her departure city. Plaintiff's Compl. – ECF No. 1-2, ¶ 27. While she does not state she is seeking economic injuries for this stay, any such injury would be barred under Arizona law. Under the economic loss doctrine, tort recovery is precluded for economic loss absent personal injury or damage to other property, limiting a contracting party to contractual remedies for the recovery of economic losses. *Miidas Greenhouses, LLC v. Global Horticultural, Inc.*, 226 Ariz. 142, 144-45 (App. 2010).

Plaintiff, like all airline passengers, agreed to be bound by Southwest Airlines' contract of carriage in purchasing her airfare. Therefore, the economic loss doctrine applies to her claims, and economic loss is not recoverable under a negligence theory. While she has failed to plead any specific injury, it is clear that plaintiff's allegations do not and cannot give rise to any recoverable injury, whether for her emotional harm or any cost incurred in finding alternate travel arrangements. As such, she has failed to state a claim and her causes of action should be dismissed. Further, as alleged, she cannot cure her causes of action to successfully state a claim, and, therefore, they should be dismissed without leave to amend.

/ /

/ /

/ /

---

[2] Southwest assumes Arizona law applies to Plaintiff's claims only for this stage of the case and does not intend to waive any later argument that a different state's law applies to her claims.

11

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

**CONCLUSION**

For the foregoing reasons, Southwest Airlines respectfully requests that the Complaint be dismissed with prejudice and without leave to amend.

Dated: August 13, 2026

CLYDE & CO US LLP

By: _____

AUTUMN E. LEWIS
EDWARD P. TAROLLI
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

**<u>CERTIFICATE PURSUANT TO LOCAL RULE 12.1(c)</u>**

Pursuant to LRCiv 12.1(c), the undersigned certifies that counsel for Southwest Airlines conferred with plaintiff's counsel on August, 6, 2026, via telephone, and again on August 12, 2026, via email, regarding the issues asserted in Southwest Airlines' Motion to Dismiss [Dkt. 8]. At 2:30pm today, August 13, 2026, plaintiff's counsel informed Southwest Airlines of their intent to amend the complaint, but such amendment has not yet been provided. In consideration of the impending responsive pleading deadline, and without any indication as to how plaintiff will remedy her pleadings, Southwest Airlines files their Motion to Dismiss to preserve all rights and defenses available.

*/s/ Autumn E. Lewis* _____

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

12

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system. I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

*/s/ Lisa Vera*

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

13

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS

# SERVICE LIST

| | |
|---|---|
| Robert T. Mills<br>Sean A. Woods<br>Mills + Woods Law, PLLC<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br><br>Attorney for Plaintiff,<br>PENELOPE ANN HAROD | Telephone: (480) 999.4556<br>Email: docket@millsandwoods.com<br>     swoods@millsandwoods.com |

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS