Autumn E. Lewis (SBN 037944)
Edward P. Tarolli (*pro hac vice* application pending)
CLYDE & CO US LLP
One North Central Ave, Ste 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Email: autumn.lewis@clydeco.us
ed.tarolli@clydeco.com

Attorneys for Defendant,
SOUTHWEST AIRLINES CO.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Penelope Ann Harod, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Airlines Co., a Texas Corporation; Black Corporations 1-10; White Partnerships 1-10; and Does 1-100.<br><br>Defendants. | Case No. 2:26-cv-05215<br><br>[*Assigned to the Hon. Judge Dominic W. Lanza*]<br><br>SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Southwest Airlines Co. ("Southwest Airlines") hereby moves to dismiss plaintiff Penelope Ann Harod's ("plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

The Court should dismiss plaintiff's FAC for two reasons. First, the FAC does not establish that this Court has personal jurisdiction over Southwest Airlines because plaintiff has failed to allege contacts that would, if true, establish specific personal jurisdiction over Southwest Airlines in this Court. Specifically, plaintiff's claims have no connection with Southwest Airlines' Arizona contacts. Second, plaintiff failed to

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

state a claim for relief under any cause of action presented and failed to identify any recoverable injury under her theories of negligence against Southwest Airlines. Because plaintiff cannot cure these deficiencies, the Court should dismiss the Complaint with prejudice and without leave to amend.

**BACKGROUND FACTS**

Plaintiff's allegations stem from an incident that allegedly occurred on or about October 20, 2024, when plaintiff was refused travel on Southwest Airlines flight No. 3843 from Milwaukee, Wisconsin to Dallas, Texas ("subject flight"). Plaintiff's FAC – ECF No. 16, at ¶¶ 19-45. Plaintiff alleges that, after boarding the subject flight in Milwaukee, Wisconsin, unidentified Southwest Airlines employees approached her and accused her of being intoxicated. *Id*. at ¶ 24. As a result, the Southwest Airlines employees removed plaintiff from the flight. *Id*. at ¶ 30. Plaintiff contends that she was not intoxicated and had not ingested alcohol or drugs on the day of the incident. Instead, she contends that she was removed due to visible manifestations of an unspecified disability which causes slurred speech and difficulties with balance and gait. *Id*. at ¶¶ 19, 25.

On April 8, 2026, plaintiff filed her Complaint in the Superior Court of Arizona for Maricopa County ("state court"), asserting causes of action against Southwest Airlines including discrimination claims pursuant to the Americans with Disabilities Act, and claims for negligence/gross negligence, as well as negligent hiring, training, and supervision. Compl. – ECF No. 1-2 at ¶¶ 28-44. Southwest Airlines timely removed the action to this Court on July 23, 2026. Notice of Removal – ECF No. 1. On August 13, 2026, Southwest Airlines filed its Motion to Dismiss plaintiff's original Complaint ("First Motion to Dismiss"), under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). First Mot. to Dismiss – ECF No. 8. In that Motion, Southwest Airlines argued that plaintiff had failed to establish personal jurisdiction as the claims did not arise from any alleged contacts with Arizona, and further that she had failed to state claims under the Americans with Disabilities Act and for

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

negligence and negligent hiring, training, supervision and retention. First Mot. to Dismiss – ECF No. 8.

On September 3, 2026, plaintiff filed her FAC, thereby mooting the pending First Motion to Dismiss. Plaintiff now argues that this Court has specific jurisdiction over Southwest Airlines based on business contacts in the forum and contracting with the plaintiff to provide air transportation to Phoenix, Arizona. Plaintiff's FAC – ECF No. 16, at ¶¶ 12-16. Plaintiff's FAC maintains her original negligence claims and merely adds references to the Air Carrier Access Act (the "ACAA"). Plaintiff's FAC – ECF No. 16, at ¶ 5. These revisions, however, do not cure the deficiencies in plaintiff's claims. The FAC does not meaningfully address either of the two fundamental defects that require dismissal. First, the Court lacks personal jurisdiction over Southwest Airlines because the alleged conduct bears, at most, an attenuated relationship to the forum. Second, plaintiff's negligence claims remain fatally deficient as a matter of law. Accordingly, the FAC should be dismissed in its entirety.

## ARGUMENT

### I

### THIS COURT LACKS PERSONAL JURISDICTION OVER SOUTHWEST AIRLINES

The FAC fails as a matter of law because plaintiff has not and cannot establish that this Court has personal jurisdiction over Southwest Airlines. Fed. R. Civ. P. 12(b)(2). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Courts in Arizona are permitted to exercise personal jurisdiction to the full limits permitted by the Due Process Clause of the Constitution. *See* Ariz. R. Civ. P. 4.2(a).

A plaintiff must prove personal jurisdiction exists. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) (citing

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

*McNutt v. General Motors Acceptance Corp*., 298 U.S. 178 (1936)).

A non-resident corporation may be subject to either general or specific personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). General personal jurisdiction allows a court to hear "any and all claims against [defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct*., 592 U.S. 351, 358-59 (2021). Specific personal jurisdiction can be exercised over a foreign defendant when a plaintiff establishes the existence of "certain minimum contacts," with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensations and Placement*, 326 U.S. 310, 316 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)). Specific jurisdiction must, therefore, be based on the relationship between the defendant's forum contacts and the plaintiff's claim. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

In the Ninth Circuit, specific jurisdiction exists only if: (1) the defendant purposefully availed itself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that had effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice – in other words, it is reasonable. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741–42 (9th Cir. 2013).

***A. Southwest Airlines Is Not Subject to Specific Jurisdiction in Arizona***

In the FAC, plaintiff argues that this Court has specific personal jurisdiction[1] over Southwest Airlines because it regularly operates flights into and out of Arizona

[1] Plaintiff does not allege that the Court has general jurisdiction over Southwest Airlines. *See* Plaintiff's FAC – ECF No. 16 ¶¶ 11-18. Therefore, general jurisdiction is not at issue. *See DocuSign, Inc. v. Clark*, No. 21-cv-04785, 2022 WL 2136071, at *3, n.1 (N.D. Cal. Jun. 14,

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

and markets and sells transportation services to Arizona residents. Plaintiff's FAC – ECF No. 16, at ¶ 12. Plaintiff also argues jurisdiction exists because Southwest Airlines contracted with the plaintiff to convey her from Milwaukee, Wisconsin to her ultimate destination of Phoenix, Arizona. *Id*. at ¶¶ 13-14. However, these allegations do not establish specific jurisdiction over Southwest Airlines because of the simple fact that plaintiff's claims do not arise from Southwest Airlines' Arizona-directed conduct.

As explained above, the Ninth Circuit utilizes a three-part test in determining specific jurisdiction of nonresident defendants:

> (1) the defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

For claims arising out of or sounding in tort, the Ninth Circuit applies the "purposeful direction" test, examining if the defendant has directed their actions at the forum state. *Id.* at 802-03. Under this test, a defendant has purposefully directed activities at the forum state if they "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely suffered

---

2022); *Fluidigm Corporation v. bioMérieux, SA*, No. 19-cv-02716, 2019 WL 6612063, at *3 (N.D. Cal. Dec. 5, 2019); *Day v. Datta*, 818 F.Supp.3d 1394, 1406, n.3 (S.D. Fla. Feb. 2, 2026). But even if plaintiff had argued that general jurisdiction exists, such an argument would fail because Southwest Airlines is not incorporated in Arizona, does not maintain its principal place of business there, and does not have extraordinary contacts with the state. *Daimler AG v. Bauman*, 571 U.S. 117, 134-37 (2014).

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

in the forum state." *Id*. at 803 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 111 (9th Cir. 2002)).

The focus of this evaluation must be the relationship between a defendant, the forum, and the present litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). A defendant's knowledge that a plaintiff resides in the forum state is patently insufficient for establishing specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 289 (2014); *see also Hatset v. Century 21 Gold Coast Realty*, 649 F. App'x 400 (9th Cir. 2016) (holding that personal jurisdiction did not exist where the only connection between the defendant and the forum was plaintiff's domicile).

Further, courts in the Ninth Circuit have held that transacting with a plaintiff in a forum alone is insufficient to establish specific jurisdiction. *See Jones v. Medtronic Incorporated*, 411 F.Supp.3d 521, 530 (D. Ariz. 2019) (holding, in a medical product liability case arising from surgery in Texas, that the court lacked personal jurisdiction over defendants even though plaintiff was an Arizona resident and defendants transacted business in Arizona); *see also Del Toro v. Atlas Logistics*, No. 1:12-cv-01535, 2013 WL 796593, at *4 (E.D. Cal. Mar. 4, 2013) ("formation of a contractual relationship with a resident is not, in itself, sufficient to create specific jurisdiction over a nonresident."). In sum, a defendant's alleged tortious acts must be expressly aimed at the forum state to establish jurisdiction in that forum. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015).

In *Moore v. Alaska*, the Northern District of Illinois considered a nearly identical set of facts and held that it did not have jurisdiction over the defendant airline. No. 19 C 2951, 2019 WL 5895434 (N.D. Ill. Nov. 12, 2019). That case arose from an incident in which a passenger sustained fatal injuries when she fell in the jetway. *Id*. The decedent's estate sued Alaska Airlines in Illinois, where the decedent had resided and eventually passed, asserting both general and specific jurisdiction in Illinois. *Id*. at *2-3. The estate argued that Alaska Airlines was subject to specific

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

jurisdiction in Illinois due to the carriers' extensive business activities in the forum and contracting with the decedent to provide transportation to Illinois. *Id.* at *3.

The court rejected plaintiff's arguments. Relying in part on the Supreme Court's decision in *Walden v. Fiore*, the court reasoned that the implicated employee and his conduct were in Wisconsin, and all acts related to the claims at issue occurred in Wisconsin, rather than Illinois. *Id.* at *3-4; *see also Walden v. Fiore*, 571 U.S. 277, 283-86 (2014) (requiring that a defendant's suit-related conduct create a substantial connection with the forum State). As plaintiff's claims did not involve Alaska Airlines' conduct in Illinois, the court held the allegations were insufficient to establish either general or specific jurisdiction in that state. *Moore*, 2019 WL 5895434, at *4.

The facts here are virtually identical to the facts in *Moore* and fail to establish specific jurisdiction for the same reasons. Plaintiff's claims do not implicate any Southwest Airlines conduct in Arizona.[2] On the contrary, the claims all arise from alleged conduct that occurred thousands of miles away in Milwaukee, Wisconsin. The sole connections to Arizona are plaintiff's residency and her ticket for a flight to Arizona. Neither of these facts are sufficient to establish specific jurisdiction in Arizona. *Walden*, 571 U.S. at 285 (stating that "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the *defendant's conduct* that must form the necessary connection with the forum State that is the basis for its jurisdiction[.]") (emphasis added); *Moore*, 2019 WL 5895434, at *4 (no jurisdiction over an airline for an incident outside the forum state, even when the subject flight was scheduled to fly to the forum state).

---

[2] Her negligent hiring claim also lacks sufficient connection to Arizona. The Complaint is devoid of allegations that any hiring, training, or supervision of the implicated employees relevant to her claim took place in Arizona. While Southwest Airlines does conduct flights within Arizona, none of plaintiff's claims arise from Southwest's activities in Arizona. Instead, for both her discrimination and negligence claims, the relevant activities occurred in Milwaukee, Wisconsin, where she was removed from her flight.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

For these reasons, plaintiff has not and cannot establish that specific personal jurisdiction over Southwest Airlines in Arizona. The Court should, therefore, dismiss plaintiff's FAC under Rule 12(b)(2) irrespective of the plausibility of plaintiff's claims.

## II

## PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY FEDERAL LAW

### *A. The Airline Deregulation Act Preempts Plaintiff's Claims*

The preemption clause of the Airline Deregulation Act (the "ADA") prohibits states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1) (previously codified at 49 U.S.C. § 1305(a)(1)). Congress enacted the ADA to shift the responsibility for regulating air carriers from state and federal agencies to competitive market forces and included the preemption clause to prevent states from enforcing regulations of their own. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). In sum, the purpose of the ADA is to avoid a "baffling patchwork" of rules unique to each U.S. jurisdiction. *See, Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 288 (2014).

Accordingly, the U.S. Supreme Court has held that the ADA preemption provision expresses a broad preemptive purpose. *Morales*, 504 U.S. at 383-84; *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 696–97 (9th Cir. 2011) (quoting *Morales*, 504 U.S. at 383-84); *Ginsberg*, 572 U.S. at 282-84.

The ADA preemption provision indisputably encompasses state statutory and common laws, including tort and contract law claims, that have a connection with a foreign or domestic air carrier's "rates, routes, or services." *Ginsberg*, 572 U.S. at 282-83 (finding that "state common-law rules fall comfortably within the language of the ADA pre-emption provision" in holding that the ADA preempted passenger's breach of implied covenant claim related to an air carrier's frequent flyer program).

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

In this respect, whether a particular claim is preempted by the ADA depends on examining the specific facts underlying each claim in light of the legislative objectives of the ADA. *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1265 (9th Cir. 1998) (stating that "[u]nderstanding the objective of this legislation is critical to interpreting the extent of its preemption"); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (finding that courts "must examine the underlying facts of each case to determine whether the particular claims at issue 'relate to' airline rates, routes or services"); *Ko v. EVA Airways Corp*., 42 F. Supp. 3d 1296, 1302 (C.D. Cal. 2012).

***i. Plaintiff's claims relate to "services" under the ADA***

The definition of air carrier "services" for purposes of the ADA includes, at a minimum, access to flights, boarding procedures, and refund and ticketing procedures. *See Ginsberg*, 572 U.S. at 284 (finding that the term "services" encompasses "access to flights and to higher service categories"). For example, in *Northwest v. Ginsberg*, the Court held that claims concerning a frequent flyer program were connected to air carrier "services" because the program involved "access to flights." *Id*. at 284; *see also Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 726 (9th Cir. 2016) (finding that the term "services" as used in the ADA "refer[s] to the prices, schedules, origins and destinations of the point-to-point transportation of passengers") (internal citation and quotation omitted); *Ko*, 42 F. Supp. 3d at 1303-05 (finding that an air carrier's "ticketing and boarding process is not an 'amenity;' it is a necessary part of an airline's boarding process, and without a boarding process, airlines would provide no 'service' to passengers at all"); *see also Edwards v. Sw. Airlines Co.*, No. CV 2:19-CV-03493, 2020 WL 433343 at *4 (S.D. Ohio Jan. 28, 2020) ("[C]laims in Plaintiff's Complaint allegedly arising from Defendant's ticketing and boarding are preempted.")

In the present matter, plaintiff's claims of negligence arise from her removal from the subject flight following boarding, due to suspected intoxication. Plaintiff's

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

FAC – ECF No. 16, at ¶¶ 24-30. As such, her claims necessarily involve the "boarding procedure," which falls under the definition of "service," according to the court in *Ko*. 42 F. Supp.3d at 1303-05; *see also Fernald v. Southwest Airlines Co.*, No. 11cv0453, 2011 WL 13254382 at *3 (S.D. Cal. Sep. 28, 2011) (noting the U.S. Supreme Court's decision in *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364 (2008) has broadened the definition of service more than previously held in the Ninth Circuit).

For instance, on a nearly identical set of facts, a district court in Massachusetts held that the ADA preempted emotional distress claims which arose from an incident in which a passenger was removed from a flight after allegedly not paying attention to a safety briefing because of a medical condition. *Cintron v. JetBlue Airways Corporation*, 324 F.Supp.3d 248, 254 (D. Mass. 2018) (holding that plaintiff's "state-law claim is preempted by the ADA"). In support of its holding, the court noted that other courts had distinguished between typical personal injury tort claims, which the ADA does not generally preempt, and cases where "(1) no bodily injury was alleged, and (2) allowing liability would 'impos[e] a fundamentally new set of obligations on airlines under the rubric of 'duty of care.'" *Id.* at 254 (quoting *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 96 (1st Cir. 2013)) (citation modified). Here, as in *Cintron*, these two factors weigh in favor of preemption. First, plaintiff has not alleged any bodily injury. Plaintiff's FAC – ECF No. 16, at ¶¶ 36-37; 53. Second, plaintiff's assertions of wrongdoing implicate the way in which air carriers must make critical decisions about passenger safety under time pressure as flights are scheduled to depart (Plaintiff's FAC – ECF No. 16, at ¶¶ 49-51; 57-59), which would "impose a fundamentally new set of obligations on airlines under the rubric of duty of care." *See Cintron*, 324 F.Supp.3d at 254. For the foregoing reasons, the ADA therefore preempts plaintiff's claims.

/ /

/ /

/ /

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

***ii. Plaintiff's reference to the ACAA "standard of care" does not save plaintiff's claims because plaintiff failed to plausibly allege that the decision to remove her was unreasonable***

Plaintiff's attempt to rely on the ACAA to supply the standard of care, and thereby avoid preemption, is unavailing. The ACAA explicitly provides that carriers "may refuse to provide transportation to any passenger on the basis of safety, as provided in 49 U.S.C. 44902 or 14 CFR 121.533, or to any passenger whose carriage would violate FAA or TSA requirements or applicable requirements of a foreign government." 14 C.F.R. 382.19(c). 49 U.S.C § 44902(b), in turn, provides that "an air carrier, interstate air carrier, or foreign air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety." 49 U.S.C. § 44902(b). Section 44902 provides broad authority to air carriers to remove passengers from domestic flights so long as the carrier is not acting on "unreasonably or irrationally formed" beliefs. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 868 (9th Cir. 2010) (quoting *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 671 (9th Cir. 1982)); *see also Cintron*, 324 F. Supp. 3d at 254 (finding that air carriers "may be immunized from liability under 49 U.S.C. § 44902(b).").

Furthermore, reasonableness is evaluated based "upon the facts and circumstances of the case as known to the *airline at the time it formed its opinions and made its decision* and whether or not the opinion and decision were rational and reasonable and not capricious or arbitrary." *Shaffy v. United Airlines, Inc.*, 360 Fed.Appx. 729, 730 (9th Cir. 2009) (emphasis added) (citing *Cordero*, 681 F.2d at 672). In other words, the refusal to transport is "not to be tested by other facts later disclosed by hindsight." *Id*. Moreover, there is no duty to investigate the issue given the typical time pressure as a flight is preparing to depart. *Cordero*, 681 F.2d at 672 ("There is correspondingly no duty to conduct an in-depth investigation into a ticket-holder's potentially dangerous proclivities."); *Cerqueira v. Am. Airlines, Inc.*, 520 F.3d 1, 15 (1st Cir. 2008) ("Because the decision must be made in an expedient

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

manner . . .there is no obligation on the part of the Captain (or the SOC [systems operations control] manager, whose prompt decision not to rebook was based on the Captain's decision) to make a thorough inquiry into the information received").

Here, plaintiff alleges that after boarding, multiple Southwest Airlines employees approached her and believed she was intoxicated due to slurred speech and impaired balance and gait. Plaintiff's FAC – ECF No. 16, at ¶ 24. While she alleges that she informed the employees of her disability, she herself admits her claimed disability "resemble[s] intoxication." *Id.* at ¶ 19. She goes on to allege that "[a] reasonably trained employee would know that slurred speech and impaired balance or gait can be disability manifestations . . . [and] would evaluate a disclosed disability before removing the passenger." *Id.* at ¶ 59. In sum, plaintiff argues that Southwest Airlines should have conducted a detailed investigation of her medical condition and was not entitled to rely on her outward manifestations, which she admits resemble intoxication. *Id.* at ¶ 19. This allegation is directly contrary to Section 44902 and the cases applying that statute.

The cabin crew's decision to remove a passenger does not need to be correct in hindsight; rather, the decision cannot be "unreasonably or irrationally" formed based on facts known to the air carrier at the time of the incident. *Shaffy*, 360 Fed.Appx. at 730. Even if the plaintiff was not intoxicated and the facts alleged in her complaint are accepted as true, the decision to remove her was not unreasonable or irrational. Plaintiff admitted manifestations of slurred speech and impaired balance which resemble intoxication (Plaintiff's FAC – ECF No. 16, at ¶ 19) which clearly demonstrates the decision to remove her from the flight was reasonable at the time it was made.

In view of the foregoing, plaintiff's claims fail as a matter of law because Southwest Airlines is immunized from any liability stemming from the incident under Section 44902(b). The Court should dismiss her claims with prejudice on these grounds alone.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

**III**

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Court may dismiss a complaint where a plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) where, as here, there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). To survive a motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).

In considering a motion to dismiss for failure to state a claim, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). While a complaint is not required to contain detailed factual allegations, it is required to have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

***A. Plaintiff's Negligence Claims Fail to Allege a Recoverable Injury***

As to plaintiff's emotional harms, Arizona law provides that a physical injury is generally a prerequisite to recover under a negligence theory. Arizona case law demonstrates that, to be recoverable, shock or mental anguish of a plaintiff must be born from a physical injury. *Keck v. Jackson*, 122 Ariz. 114, 115-16 (1979); *see also Guerra v. State*, 237 Ariz. 183, 186 (2015) (declining to extend negligence liability to purely emotional harms without a physical injury component); *Dehart v. Johnson & Johnson*, 562 F.Supp.3d 189, 196-97 (D. Ariz. Jan. 11, 2022). As such, plaintiff's claimed emotional distress injuries arising from her removal from Southwest Airlines

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

flight No. 3843 are not recoverable in the absence of physical injury.[3]

Plaintiff asserts claims for (1) negligence and gross negligence and (2) negligent hiring, training, supervision, and retention. She alleges that Southwest Airlines acted negligently in removing her from the flight and that Southwest Airlines knew or should have known that doing so would cause her foreseeable injury. Plaintiff's FAC – ECF No. 16, ¶¶ 48-63. But the FAC fails to identify any bodily injury whatsoever. Indeed, the only injury plaintiff appears to allege is emotional harm resulting from her removal, and a reference to a hotel stay in a town 60 miles away with associated ground transportation and unspecified out-of-pocket expenses. *See id*. at ¶¶ 34; 36-37; 53 (claiming her removal caused "emotional distress [and] humiliation" and that the removal necessitated her stay in Wheeling, Illinois).

Plaintiff further alludes to supposed costs she incurred from the incident, claiming she had to secure a hotel stay over 60 miles from her departure city in Wheeling, Illinois, as well as unspecified "ground-travel, and replacement-transportation expenses." Plaintiff's FAC – ECF No. 16, ¶ 34-36, 53. Any such economic damages would, however, arise from the expectancy interests between the plaintiff and Southwest Airlines when contracting for air transportation and thus are barred under the economic loss doctrine.

***B. Plaintiff's Claims are Barred by the Economic Loss Doctrine***

Under the economic loss doctrine, tort recovery is precluded for economic loss absent personal injury or damage to other property, limiting a contracting party to contractual remedies for the recovery of economic losses. *Miidas Greenhouses, LLC v. Global Horticultural, Inc*., 226 Ariz. 142, 144-45 (App. 2010); *see also Ares Funding, L.L.C. v. MA Maricopa, L.L.C.*, 602 F.Supp.2d 1144, 1148 (D. Ariz. 2009) (holding the economic loss doctrine "bars a party from recovering economic damages in tort unless accompanied by physical harm, either in the form of personal injury or

[3] Southwest assumes Arizona law applies to Plaintiff's claims only for this stage of the case and does not intend to waive any later argument that a different state's law applies to her claims.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

secondary property damage.") (citing *Carstens v. City of Phoenix*, 206 Ariz. 123, 75 P.3d 1081, 1083 (Ariz.App. 2003). In Arizona, the doctrine limits the recovery of "pecuniary or commercial damage," as well as consequential damages, to contractual remedies between contracting parties. *Flagstaff Affordable Housing Ltd. Partnership v. Design Alliance, Inc.*, 223 Ariz. 320, 323 (2010).

While there have been conflicting conclusions regarding the application of the doctrine, the core determination has been whether the underlying public policies of tort or contract law are better served by the doctrine's application. *Id*. at 325. Contract law serves to encourage parties to define their relationships, including allocation of risk of future losses and possible remedies, through contractual provisions, whereas tort law serves to deter accidents and promote safety. *Salt River Project Agr. Imp. and Power Dist. v. Westinghouse Elec. Corp.*, 143 Ariz. 368, 375-76 (1984). Here, plaintiff's claimed economic damages should be brought, if at all, in contract, not tort.

Plaintiff, like all airline passengers, agreed to be bound by Southwest Airlines' contract of carriage in purchasing her airfare. Therefore, adequate remedies exist at contract for the dispute at hand, and any economic damages alleged by the plaintiff arise entirely from her expectations under the same contract for timely conveyance. As such, the economic loss doctrine applies to her claims, and economic loss is not recoverable under her negligence claims as plead. While she has failed to plead any specific injury, it is clear that plaintiff's allegations cannot give rise to *any* recoverable injury, whether for her emotional harm or any cost incurred in finding alternate travel arrangements. As such, she has failed to state a claim and her causes of action should be dismissed. Further, she cannot cure her causes of action with further amendment, and therefore, they should be dismissed without leave to amend.

/ /

/ /

/ /

/ /

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

**CONCLUSION**

For the foregoing reasons, Southwest Airlines respectfully requests that the Complaint be dismissed with prejudice and without leave to amend.

Dated: October 1, 2026

CLYDE & CO US LLP

By: ______________________
AUTUMN E. LEWIS
EDWARD P. TAROLLI
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

**CERTIFICATE PURSUANT TO LOCAL RULE 12.1(c)**

Pursuant to LRCiv 12.1(c), the undersigned certifies that counsel for Southwest Airlines attempted to confer with plaintiff's counsel on September, 30, 2026 via telephone and email regarding the issues asserted in Southwest Airlines' Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 20] and plaintiff has not stated their intended response.

*/s/ Autumn E. Lewis*
AUTUMN E. LEWIS

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system. I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

*/s/ Lisa Vera*
LISA VERA

**SERVICE LIST**

| | |
|---|---|
| Robert T. Mills<br>Sean A. Woods<br>Mills + Woods Law, PLLC<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br><br>Attorney for Plaintiff,<br>PENELOPE ANN HAROD | Telephone: (480) 999.4556<br>Email: docket@millsandwoods.com<br>swoods@millsandwoods.com |

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580