Autumn E. Lewis (SBN 037944)
Edward P. Tarolli (*pro hac vice* application pending)
CLYDE & CO US LLP
One North Central Ave, Ste 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Email: autumn.lewis@clydeco.us
ed.tarolli@clydeco.com

Attorneys for Defendant,
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Penelope Ann Harod, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Airlines Co., a Texas Corporation; Black Corporations 1-10; White Partnerships 1-10; and Does 1-100.<br><br>Defendants. | Case No. 2:26-cv-05215-DWL<br><br>[*Assigned to the Hon. Judge Dominic W. Lanza*]<br><br>REPLY OF SOUTHWEST AIRLINES CO. IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Southwest Airlines Co. ("Southwest Airlines") hereby submits its Reply in Support of its Motion to Dismiss plaintiff Penelope Ann Harod's ("plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

/ /

/ /

/ /

/ /

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

## INTRODUCTION

Southwest Airlines' Motion to Dismiss the First Amended Complaint with Prejudice should be granted in its entirety based upon its merits. Plaintiff has failed to rebut the dispositive arguments included therein, specifically failing to establish personal jurisdiction, meaningfully present an argument her claims are not preempted, or plausibly allege any recoverable harm under her theories of recovery. Further, as no amendment can cure the deficiencies therein, her complaint should be dismissed with prejudice.

## ARGUMENT

### I

### PLAINTIFF REMAINS UNABLE TO ESTABLISH PERSONAL JURISDICTION

Plaintiff's arguments in opposition that this Court has personal jurisdiction over Southwest Airlines are fundamentally flawed and an overreach of the caselaw presented. Plaintiff argues in opposition that Southwest Airlines purposefully availed itself of the forum by operating flights to Arizona, and that plaintiff's claims arise out of those same contacts with the forum. Plaintiff's Opposition to Southwest Airlines Co.'s Motion to Dismiss ("Plaintiff's Opp.") - ECF No. 24, at 4:8-7:7. Both assertions are incorrect.

#### ***A. Plaintiff's Claims Require More Than a Contract to Establish Personal Jurisdiction as Plead***

The controlling test in the Ninth Circuit remains *Schwarzenegger v. Fred Martin Motor Co.*, which details a three-part test of which the first prong requires either purposeful direction of a defendant's activities or purposeful availment of the benefits of the forum. 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff presents *Doe v. Deutsche Lufthansa Aktiengesellschaft* for the proposition that merely contracting with a plaintiff for airfare into a forum and conducting flights to a venue, alone and independent of other factors, is sufficient to establish personal jurisdiction for all

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

possible claims. 157 F.4th 1103 (9th Cir. 2025). This is a misinterpretation of *Doe*; the court did not ease the test presented in *Schwarzenegger*, but rather clarified the intended flexibility of the first prong of its three-part test. *Id*. at 1111. Moreover, the claims presented in *Doe* provide clarity into why purposeful availment (in addition to purposeful direction) was a relevant analysis, as they sounded in both tort *and* contract. *Id*. at 1109 (plaintiffs brought "a breach of contract claim and several tort claims," in their suit against Lufthansa).

As the plaintiffs brought a combination of contract and tort claims, the *Doe* court's analysis of specific personal jurisdiction evaluated both purposeful availment *and* purposeful direction. *Id*., at 1111-12. While it is agreed that the court rejected a rigid application of purposeful availment for contract claims and only purposeful direction for tort claims, the case does not stand for the proposition that any defendant who contracts with a resident for carriage is sufficient for any claim sounding entirely in tort. Importantly, the court held only that "the first prong is not to be defeated when . . . the tort claim is using a *combination* of both tests." *Id*. at 1111 (emphasis added). In its analysis, the court found personal jurisdiction was established because both purposeful availment *and* purposeful direction were satisfied. *Id*. The court, in part, reasoned that Lufthansa contracted with the plaintiffs for carriage into California and conducted continuous operations in the forum, but the claims also involved conduct which extended into California *and caused harm in the forum*, which also satisfied the purposeful direction test. *Id*. (reasoning the plaintiffs alleged injuries which occurred "both on the flight to San Francisco and at SFO").

Conversely, plaintiff's claims arise from alleged discrimination in a *Wisconsin* airport, by personnel in *Wisconsin*, with the only connection to Arizona being airfare contracted for carriage into the present venue. Importantly, she brings only tort claims and seeks no remedies arising under contract, unlike the plaintiffs in *Doe*. Plaintiff's First Amended Complaint ("Plaintiff's FAC") - ECF No. 16. Further, she was not transported to Arizona during the incident, and no harms were alleged in Arizona, in

stark contrast to the facts in *Doe*. *Id*., at ¶ 30. Regardless, she claims that under *Doe*, personal jurisdiction can be established for exclusively tort claims through an analysis entirely based in the contract-leaning purposeful availment test, without any other connection to the venue nor any purposeful direction even alleged. Plaintiff's Opp. - ECF No. 24, at 5:12-7:7. This is an overreach and a misapplication of what *Doe* stands for. As such, plaintiff continues to fail to establish personal jurisdiction and on these grounds her claims should be dismissed.

***B. Plaintiff Fails to Establish Her Claims Arise Out Of and Relate to Southwest Airlines' Activities In the Forum***

Even if plaintiff had established the first prong of the *Schwarzenegger* test, which she cannot, her claim certainly fails on the second prong requiring her claims arise out of and relate to the allegations in the case. For tort claims such as plaintiff's, the claims themselves must arise out of and relate to the defendant's in-forum activities. *Doe*, 157 F.4th at 1112-13. In *Doe* the court did find the tort claims arose out of the defendant's California activities, not because of contracting or unrelated business activities in the forum, but explicitly due to the carriage into California and harm suffered there. *Id*., at 1112 ("Although the tortious conduct started in Saudi Arabia . . . the conduct continued into California . . . Because the tort claims include acts and omissions that happened on the flight into California and while in California, they relate to activity in California.").

It is undisputed that plaintiff's claims (1) entirely sound in tort, not contract, and (2) the alleged conduct of Southwest Airlines occurred solely in Wisconsin, whereby she was not transported to Arizona. Plaintiff's FAC - ECF No. 16. As such her claims are in direct contrast to the tort claims in *Doe*, as she has not alleged any activity giving rise to the action arising out of and relating to Arizona. *Doe*, 157 F.4th at 1112-13. As such, she unequivocally has failed to establish the second prong of the *Schwarzenegger* analysis. Therefore, on these grounds, she also fails to establish personal jurisdiction over Southwest Airlines.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

## II

## PLAINTIFF FAILS TO DEMONSTRATE HER CLAIMS ARE NOT PREEMPTED

In opposition, plaintiff further argues that Section 44902(b) necessarily involves questions of fact and does not establish reasonableness as a matter of law. Plaintiff's Opp. - ECF No. 24, at 11:16-12:6. This argument is flawed, as a Section 44902(b) analysis does not automatically provide a question of fact to survive the pleadings, and Southwest Airlines' alleged actions were *per se* reasonable under federal law.

Plaintiff relies primarily on *Newman v. American Airlines, Inc*., 176 F.3d 1128 (9th Cir. 1999) and *Eid v. Alaska Airlines, Inc*., 621 F.3d 858 (9th Cir. 2010), arguing that those authorities stand for the proposition that all removals under 44902(b) are subject to questioning as to reasonableness in hindsight, regardless of the pleadings and circumstances surrounding a plaintiff's removal. Plaintiff's Opp. - ECF No. 24, at 11:16-12:6. Further, she claims that the reasonableness standard of her removal is established by 14 C.F.R. Section 382.19, a regulation governing the removal of passengers due to known and established disability. *See* 14 C.F.R. Section 382.19. This is incorrect as applied to the present matter.

### A. *Southwest Airlines' Removal of Plaintiff Was Mandated by Federal Regulations*

As plaintiff herself argues, the defendant in *Newman* refused to fly a passenger based on her "medical history, her medication, and her failure to carry a health certificate," arguing that her removal was based on safety. Plaintiff's Opp. - ECF No. 24, at 11:22-25; *see also Newman*, 176 F.3d at 1131. *Newman* necessarily hinged on the defendant's judgment regarding whether a passenger's disability would allow for a safe flight. *Id*. Accordingly, plaintiff attempts to argue that the relevant standard of care is established by 14 C.F.R. Section 382.19. Plaintiff's Opp. - ECF No. 24, at 12:7-10. The present matter is fundamentally different, and the standard under 49

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

U.S.C. Section 44902(b) both preempts her proposed standard of care and provides bright line guidance, which plaintiff fails to meaningfully challenge.

While *Newman* weighed a question of reasonableness for removing a plaintiff *due to a known and undisputed disability*, the present matter does not present the same question. As previously argued, Section 44902(b) provides that an air carrier may refuse to transport a passenger when their presence is a threat to safety. 49 U.S.C. Section 44902(b). In the context of a passenger who appears intoxicated, any air carrier judgment is abrogated by 14 C.F.R. Section 121.575(c). That regulation provides that "[n]o certificate holder may allow any person to board any of its aircraft if that person appears to be intoxicated." *Id.* Where a passenger appears intoxicated, the carrier therefore has no discretion to exercise, because federal law requires it to refuse boarding, and the reasonableness of its safety judgment is never at issue. *Id.*

Simply put, Southwest Airlines removed the plaintiff because she appeared intoxicated. At no point has Southwest Airlines conceded she was removed due to a disability. Therefore, the standard of care is not established by the ACAA, but rather established and governed by Section 44902(b) and 14 C.F.R. Section 121.575(c). Plaintiff's FAC alleges negligence and negligent hiring, training and supervision under a standard of care established by the ACAA and judges the reasonableness of a removal based on a known and established disability. Plaintiff's FAC - ECF No. 16, at ¶¶ 39-40. That standard of care is inapplicable and is preempted by Section 44902(b) and the relevant case law. As such, her claims should be dismissed as they fail to address the applicable standard of care.

### *B. Southwest Airlines' Decision is Not a Question of Fact*

Plaintiff then argues that *Newman* and *Eid* dictate that all removal decisions are necessarily a question of fact to be judged by a jury, regardless of circumstance. Plaintiff's Opp. - ECF No. 24, at 11:16-12:6. This argument is a stretch of that authority and incongruent with the allegations presented. In *Eid*, the cabin crew removed the plaintiffs for disruptive conduct, who then brought claims pursuant to

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

the Montreal Convention for delay, as well as claims for defamation and intentional infliction of emotional distress. *Eid*, 621 F.3d at 865. Plaintiffs alleged that the flight crew were unreasonable in diverting their plane to Reno based on an argument with the cabin crew, and further claimed that the captain forced them off the plane and had them arrested by law enforcement without first-hand knowledge of the incident. *Id.*, at 869-70.

The *Eid* court analyzed the removal under the governing Tokyo Convention, drawing parallels to Section 44902 in that analysis, as it requires reasonableness in removal decisions. *Id.*, at 867-68. The court held that the plaintiffs had sufficiently put reasonableness at issue by questioning the severity of the captain's actions in diverting an aircraft and having them arrested without firsthand knowledge, as a jury could reasonably find those actions to be unreasonable. *Id.*, at 869. As stated, Southwest Airlines' removal of the plaintiff for apparent intoxication is not a matter of aircrew discretion; her removal is mandated by federal regulations under Section 121.575(c). Further, even if Southwest Airlines were mistaken regarding plaintiff's intoxication, that decision need not be correct in hindsight and does not require an in-depth investigation into a ticket-holder's impact to safety. *Cordero v. Cia Mexicana De Aviacion, S.A.*, 681 F.2d 669, 672 (9th Cir. 1982). In arguing unreasonableness, plaintiff simply offers the assertion that she has an unspecified disability that just so happens to accurately mimic intoxication.

Section 44902(b) was enacted to enable air carriers to address the paramount concern of air safety. *See Cordero*, 681 F.2d at 671. This concern necessitates an aircrew's ability to make time-critical decisions. *Id.*, at 671-72 (holding that air carriers must often make safety-based decisions as to passengers within moments of take-off and with less than perfect knowledge). As stated, Southwest Airlines removed the plaintiff due to apparent intoxication, in accordance with federal regulations. In bringing her claims, plaintiff's entire theory of unreasonableness rests on her telling Southwest Airlines personnel that she was not intoxicated, but rather

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

has an unspecified disability and thus Southwest Airlines engaged in discrimination. Plaintiff's FAC - ECF No. 16, at ¶ 51. To achieve the intended goals of Section 44902(b), courts must require more of a plaintiff to maintain suit than bringing such threadbare allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Plaintiff cites *Eid*, where passengers had their plane diverted, were forcibly removed from the flight and arrested by law enforcement for an alleged altercation with a flight attendant, of which the captain had no firsthand knowledge or investigation. *Eid*, 621 F.3d at 870. The severity of repercussions for the plaintiffs combined with the captain's lack of first-hand knowledge formed the basis of their claims of unreasonableness and the court's reasoning in denying dismissal. *Id*.

Conversely, here, plaintiff provides a threadbare assertion that she has an unspecified disability which makes her appear intoxicated, with no further elaboration. Plaintiff's FAC - ECF No. 16, at ¶ 36. Allowing such claims to proceed without substantive allegations of unreasonableness would eviscerate the protection Section 44902(b) affords air carriers and produce the very result the statute was designed to prevent: discouraging carriers from removing passengers who pose a potential risk to safety. Southwest Airlines has substantially complied with its strict requirements under federal regulations in removing the plaintiff, meanwhile plaintiff provides little support for her allegations that such compliance was incorrect and unreasonable. As such, plaintiff has failed to sufficiently plead a question of fact, and thus she fails to state a claim.

**III**

**PLAINTIFF HAS NOT PLEAD A RECOVERABLE INJURY**

Finally, plaintiff argues she has a recoverable injury in that her unspecified emotional damages are sufficient under Arizona jurisprudence, and that her complaint alleges more than purely economic loss pursuant to her contract with Southwest Airlines. Plaintiff fails to meaningfully support these arguments.

In her opposition, plaintiff argues that *Monaco v. HealthPartners of S. Ariz.* holds that a "mental disturbance" alone is recoverable in a negligence action. Plaintiff's Opp. - ECF No. 24, at 15:2-9; *see also* 196 Ariz. 299 (Ariz. App. 1999). Again, plaintiff's interpretation exceeds her authority. As *Monaco* itself holds, "Arizona courts have long held that a claim for negligent infliction of emotional distress requires a showing of bodily harm." *Id*. at 303. While damages for shock or mental anguish are recoverable, there still must be some manifestation of physical injury. *Id*. (citing *Keck v. Jackson*, 122 Ariz. 114, 115 (1979)).

In *Monaco*, the plaintiff filed a medical malpractice claim against the defendants, alleging that their negligence caused "serious and permanent psychological complications, and potentially fatal physical complications, which manifested in pain, emotional distress and mental anguish." *Id*. at 301. Specifically, the plaintiff alleged numerous manifestations of his claimed mental anguish, which included physical aspects like teeth grinding, and a diagnosis of PTSD. *Id*. at 303. The court reasoned that the disturbances were long-term, accompanied by medical diagnoses and quantifiable conditions which impacted his daily life. *Id*. Here, plaintiff alleges no such harm; only the emotional harms which resulted from being removed from her flight due to suspected intoxication. Plaintiff's FAC - ECF No. 16, at ¶ 53. There have been no long-term mental disturbances alleged by plaintiff arising to the standard established in *Monaco*. 196 Ariz. at 303. Her vague emotional harms are precisely the "'temporary,' 'transitory,' 'inconsequential,' and 'harmless,'" forms of purely emotional harms which the *Monaco* court ruled out as recoverable under a tort theory. *Id*.

Further, while plaintiff agrees Arizona courts have precluded pure economic losses under tort claims which arise from contract performance, she argues her claim is different because Southwest Airlines "breached a duty imposed by federal law," and importantly, "injured her personally." Plaintiff's Opp. - ECF No. 24, at 15:19-16:2. As demonstrated above, plaintiff has not plead any recoverable personal injury.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

Therefore, the entirety of her claims arise from alleged economic damages, resulting from the plaintiff not being transported as expected. Necessarily, her damages therefore arise from a breach of performance under contractual terms.

Additionally, plaintiff argues that the Court should not consider any contract between her and Southwest Airlines because "[t]he FAC does not plead the contract of carriage." Plaintiff's Opp. - ECF No. 24, at 16:3-7. This is wholly incorrect. Plaintiff, in both her FAC and her opposition, relies on her contracting with Southwest Airlines to attempt to establish personal jurisdiction over it. Plaintiff's FAC - ECF No. 16, at ¶ 12 (alleging Southwest Airlines regularly "contracts to carry passengers into Arizona"); Plaintiff's Opp. - ECF No. 24, at 7:6-7 (in pleading specific jurisdiction, plaintiff "relies on a contract that was to be *performed* in Arizona"). Plaintiff cannot simultaneously rely on her contracting with Southwest Airlines to establish personal jurisdiction while also attempting to preclude its use for defense. As such, reliance on her contracting with Southwest Airlines is proper.

**CONCLUSION**

For the foregoing reasons, Southwest Airlines respectfully requests that Plaintiff's FAC be dismissed with prejudice and without leave to amend.

Dated: November 25, 2026

CLYDE & CO US LLP

By: ______________________

AUTUMN E. LEWIS
EDWARD P. TAROLLI
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system. I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

*/s/ Gloria Zwibel*
GLORIA ZWIBEL

CLYDE & CO LLP
One North Central Avenue, Suite 1030
Phoenix, Arizona 85004
Telephone: (480) 746-4580

**SERVICE LIST**

| | |
|---|---|
| Robert T. Mills<br>Sean A. Woods<br>Mills + Woods Law, PLLC<br>5055 North 12th Street, Suite 101<br>Phoenix, Arizona 85014<br><br>Attorney for Plaintiff,<br>PENELOPE ANN HAROD | Telephone: (480) 999.4556<br>Email: docket@millsandwoods.com<br>swoods@millsandwoods.com |